UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 25-cv-48 (ADM/DLM) |
| Plaintiff, | MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO PARTICIPATE AS AMICUS CURIAE |
| vs. | |
| City of Minneapolis, | |
| Defendant. | |

## INTRODUCTION

Communities United Against Police Brutality ("CUAPB"), which is participating as amicus curiae in the court-enforceable agreement between the Minnesota Department of Human Rights ("MDHR") and the City of Minneapolis (the "City"), hereby requests leave to participate as amicus curiae in the above-titled case.

## LEGAL ARGUMENT

A request for permission to file an amicus brief "is a matter committed to the Court's discretion." *S.E.C. v. Carebourn Capital, L.P.*, No. 21-cv-2114 (KMM/JFD), 2023 WL 4947458, at *1 (D. Minn. Aug. 3, 2023); *see also, e.g.*, *Murphy by Murphy v. Piper*, No. 16-cv-2623 (DWF/BRT), 2018 WL 2088302, at *11 (D. Minn. May 4, 2018) ("A determination on a request to participate as amicus curiae is discretionary, and the court may grant or refuse leave according as it deems the proffered information timely, useful, or otherwise." (quotation omitted)). In exercising that discretion, courts consider whether the proffered information is "timely, useful, or otherwise helpful to the Court." *Larson v. Allina Health Sys.*, No. 17-cv-3835 (SRN/TNL), 2020 WL 583082, at *2 (D. Minn. Feb. 6, 2020); *see Carebourn Capital*, 2023 WL 4947458, at *1; *see also Murphy*, 2018 WL 2088302, at *11.

1

Here, CUAPB is a Minnesota non-profit corporation that has been dedicated to police reform since its formation in 2000. (Declaration of Michelle Gross ("Gross Decl.") ¶ 1.) CUAPB was one of a coalition of organizations that wrote the initial letter to the United States Department of Justice ("DOJ") requesting an investigation into the City and the Minneapolis Police Department ("MPD") in 2020. (Gross Decl. ¶ 2.) Once CUAPB learned that the DOJ would be proceeding with the requested investigation, CUAPB held two dozen community forums to educate the community on the investigation and the potential consent decree, and to gather community input into what should be included in a consent decree. (Gross Decl. ¶ 3.) From that voluminous input, CUAPB developed a "people's consent decree," and shared that information with the DOJ. (Gross Decl. ¶ 4.)

CUAPB also hired dozens of canvassers to distribute hundreds of thousands of fliers about the DOJ investigation and potential consent decree in neighborhoods across the City. (Gross Decl. ¶ 5.) In addition, CUAPB interviewed people and collected more than 2,300 "experiences"—stories that people shared regarding their encounters with MPD officers. (Gross Decl. ¶ 6.) CUAPB provided these to the DOJ and the MDHR in order to inform each agency's investigation. (Gross Decl. ¶ 7.) CUAPB also hosted hearings with DOJ investigators and filed a separate complaint regarding MPD officers' treatment of people experiencing mental health crises. (Gross Decl. ¶ 8.)

As stated above, CUAPB is participating as amicus curiae in the court-enforceable agreement between the MDHR and the City. (Gross Decl. ¶ 9.) CUAPB has worked closely with the Independent Evaluator in connection with that agreement, providing ongoing evaluation and recommendations regarding proposed MPD policies as well as regular updates from the community or community's perspective. (Gross Decl. ¶ 10.) Since its formation in 2000, CUAPB

has been working in the areas of policy reform, education, victim support, case reinvestigation, government data practices and analysis, and legal and legislative advocacy. (Gross Decl. ¶ 11.) More than twenty-four years of experience in this cross-disciplinary approach to police reform puts CUAPB in a singular position to analyze the proposed Settlement Agreement in this matter. (Gross Decl. ¶ 12.)

For example, CUAPB helped form a coalition called "MPLS for a Better Police Contract" in 2020, has carefully reviewed the prior four labor contracts between the Police Federation and the City, and initiated litigation to open negotiation sessions between those parties to the public. (Gross Decl. ¶ 13.) CUAPB is therefore well-qualified to address the interaction between labor contracts and the Settlement Agreement. (Gross Decl. ¶ 14.)

CUAPB has also collected MPD civilian complaint data through requests pursuant to the Minnesota Government Data Practices Act ("MGDPA"), and disseminated such information through its website for many years, long before the City began a more limited distribution of similar data. (Gross Decl. ¶ 15.) As a result, CUAPB has a depth of background knowledge that will assist the Court in its decision regarding approval of the Settlement Agreement. (Gross Decl. ¶ 16.)

In addition, CUAPB has worked with volunteer attorneys for years, not only to witness labor negotiations with the Police Federation and enforce the MGDPA, but to represent victims of police violence. (Gross Decl. ¶ 17.) As a result, CUAPB is in an excellent position to ensure that the community will be represented by attorneys prepared to advocate for the community's interests. (Gross Decl. ¶ 18.)

Finally, CUAPB is based in Minneapolis, and its geographic placement has led the organization to spend much of its energy involved in Minneapolis policing. (Gross Decl. ¶ 19.)

For example, CUAPB board members met with prior MPD Chief of Police Medaria Arradondo on a monthly basis. (Gross Decl. ¶ 20.) CUAPB is intimately familiar with the MPD and has been for more than 24 years. (Gross Decl. ¶ 21.)

## CONCLUSION

Based on the value that CUAPB will provide to the Court regarding the proposed consent decree, CUAPB respectfully requests leave to participate as amicus curiae.

Date: January 6, 2025          LAW OFFICE OF TIM PHILLIPS

By s/*Tim Phillips*
TIM PHILLIPS
Attorney License No. 390907
Law Office of Tim Phillips
331 Second Avenue South, Suite 400
Minneapolis, MN 55401
Tel: (612) 470-7179
Email: tim@timphillipslaw.com

Attorney for Communities United Against Police Brutality