UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff;<br><br>vs.<br><br>CITY OF MINNEAPOLIS,<br><br>Defendant. | CASE NO. 25-CV-00048 PAM/DLM<br><br>**DEFENDANT CITY OF MINNEAPOLIS' ANSWER TO COMPLAINT** |

Defendant City of Minneapolis ("Defendant"), for its Answer to the Complaint of Plaintiff United States of America ("Plaintiff"), answers and alleges as follows. Except as admitted, qualified, or otherwise pleaded herein, Defendant denies each and every allegation, matter, and thing in Plaintiff's Complaint.

**ANSWERS TO ALLEGATIONS AND CLAIMS**

1. In response to Paragraph 1 of the Complaint, Defendant admits that Plaintiff brings this action under the listed statutes, but denies liability under said statutes.

2. Defendant admits the allegations in Paragraph 2 of the Complaint.

3. In response to Paragraph 3 of the Complaint, Defendant admits that the listed statutes provide authority to Plaintiff to bring suit thereunder, states that the remainder of the allegations state a legal conclusion to which no response is required, and denies liability under the listed statutes.

4. In response to Paragraph 4 of the Complaint, Defendant admits that the listed statute provides authority to Plaintiff to bring suit thereunder, states that the remainder of

the allegations state a legal conclusion to which no response is required, and denies liability under the listed statute.

5.    In response to Paragraph 5 of the Complaint, Defendant admits that the listed statute provides authority to Plaintiff to bring suit thereunder, states that the remainder of the allegations state a legal conclusion to which no response is required, and denies liability under the listed statute and implementing regulations.

6.    In response to Paragraph 6 of the Complaint, Defendant admits that the listed statute provides authority to Plaintiff to bring suit thereunder, states that the remainder of the allegations state a legal conclusion to which no response is required, and denies liability under the listed statute and implementing regulations.

7.    In response to Paragraph 7 of the Complaint, Defendant admits that the listed statute provides authority to Plaintiff to bring suit thereunder, states that the remainder of the allegations state a legal conclusion to which no response is required, and denies liability under the listed statute.

8.    In response to Paragraph 8 of the Complaint, Defendant admits Plaintiff's Complaint purports to seek declaratory and injunctive relief, admits that the listed statutes provide authority to Plaintiff to seek declaratory and injunctive relief thereunder, and denies liability under the listed statutes.

9.    In response to Paragraph 9 of the Complaint, Defendant admits (i) it is located within the federal District of Minnesota and (ii) the alleged events giving rise to the claims in Plaintiff's Complaint are alleged to have occurred in Minneapolis, within the

federal District of Minnesota. Defendant admits venue is proper. Defendant otherwise denies the allegations.

10. Defendant admits the allegations in Paragraph 10 of the Complaint.

11. In response to Paragraph 11 of the Complaint, Defendant admits it is a municipality located within the federal District of Minnesota. Defendant admits it is a local government pursuant to Section 12601. Defendant admits that the City of Minneapolis provides funds for the Minneapolis Police Department ("MPD"). Defendant affirmatively alleges that the Minneapolis Police Department is a department of the City of Minneapolis and is therefore not a separate legal entity for purposes of the City's responsibility for the department. Defendant denies that it is responsible or liable for all of the acts or omissions of individual employees of the Minneapolis Police Department.

12. In response to Paragraph 12 of the Complaint, Defendant admits that the MPD employs fewer than 600 sworn police officers. Defendant lacks sufficient knowledge or information about what is meant by "largest law enforcement agency in Minneapolis" and "jurisdiction across the City" to form a belief about the truth of the remaining allegations and accordingly denies the remaining allegations.

13. In response to Paragraph 13 of the Complaint, Defendant admits that it has received federal financial assistance from the United States Department of Justice, either directly or through another recipient of federal financial assistance. Defendant lacks sufficient knowledge or information about what is meant by "during the course of conduct described in this Complaint" to form a belief about the truth of the remaining allegations and accordingly denies the remaining allegations.

14. In response to Paragraph 14 of the Complaint, Defendant admits it operates the MPD but denies that the MPD is a separate legal entity. Defendant lacks sufficient knowledge as to the particular "federal financial assistance" referenced—including the time period it was purportedly provided, what kind of "federal financial assistance" is referenced, and whether that "federal financial assistance" was pertinent to "requirements imposed by Title VI"—and accordingly denies the remaining allegations.

15. In response to Paragraph 15 of the Complaint, Defendant admits that, prior to the filing of this Complaint, it has received funds from the United States Department of Justice Office of Justice Programs and the United States Department of Justice Office for Community Oriented Policing Services. Defendant lacks sufficient knowledge or information about (i) what is meant by "[d]uring the course of conduct described in this Complaint," (ii) who "[r]ecipients" are, (iii) what "these OJP grants" are, and (iv) whether "[r]ecipients of these OJP grants" are "subject to the requirements of the Safe Streets Act," and accordingly denies the remaining allegations.

16. In response to Paragraph 16 of the Complaint, Defendant admits that, in May 2020, former MPD officer Derek Chauvin murdered George Floyd. Defendant further admits that, stemming from that same murder, three other former MPD officers present on the scene either pled guilty or were found guilty of aiding and abetting manslaughter, for which the pleas and factual findings speak for themselves. Defendant admits that George Floyd's murder happened after the MPD-involved fatal shootings of Jamar Clark in 2015, Justine Ruszczyk in 2017, Thurman Blevins in 2018, and Chiasher Vue in 2019. Defendant denies the remaining allegations.

17. Defendant admits the allegations in Paragraph 17 of the Complaint.

18. In response to Paragraph 18 of the Complaint, Defendant admits the United States Department of Justice Civil Rights Division and United States Attorney's Office District of Minnesota Civil Division issued a publicly-available report on June 16, 2023. Defendant otherwise denies the allegations.

19. In response to Paragraph 19 of the Complaint, Defendant refers to the United States' June 16, 2023, report for its specific terms and denies characterizations inconsistent therewith. Defendant denies the allegations to the extent Plaintiff seeks to characterize any statements in its report as "violations" by Defendant. Defendant denies any remaining allegations.

20. In response to Paragraph 20 of the Complaint, Defendant refers to the United States' June 16, 2023, report for its specific terms and denies characterizations inconsistent therewith. Defendant denies the allegations to the extent Plaintiff seeks to characterize any statements in its report as "violations" by Defendant. Defendant denies any remaining allegations.

21. In response to Paragraph 21 of the Complaint, Defendant states that the allegations state a legal conclusion to which no response is required.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. In response to Paragraph 23 of the Complaint, Defendant lacks sufficient knowledge or information of the "United States' investigation," including what the "investigation...found," and the extent to which the "investigation" is "detailed in the

Report," to form a belief as to the truth of the allegations, and accordingly denies the allegations.

24. In response to Paragraph 24 of the Complaint, Defendant lacks sufficient knowledge or information of the "United States' investigation," including what the "investigation...found," and the extent to which the "investigation" is "detailed in the Report," to form a belief as to the truth of the allegations, and accordingly denies the allegations.

25. Defendant denies the allegations in Paragraph 25 of the Complaint and the predicate assumption of unlawful conduct.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. In response to Paragraph 27 of the Complaint, Defendant lacks sufficient knowledge or information of the "United States' investigation," including what the "investigation...found," and the extent to which the "investigation" is "detailed in the Report," to form a belief as to the truth of the allegations, and accordingly denies the allegations.

28. Defendant denies the allegations in Paragraph 28 of the Complaint and the predicate assumption of unlawful conduct.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. In response to Paragraph 30 of the Complaint, Defendant lacks sufficient knowledge or information of the "United States' investigation," including what the "investigation...found," and the extent to which the "investigation" is "detailed in the

Report," to form a belief as to the truth of the allegations, and accordingly denies the allegations.

31.     Defendant denies the allegations in Paragraph 31 of the Complaint and the predicate assumption of unlawful conduct.

32.     In response to Paragraph 32 of the Complaint, Defendant admits the United States Department of Justice Civil Rights Division and United States Attorney's Office District of Minnesota Civil Division issued a report on June 16, 2023, that states, "Our investigation showed that the City and the MPD violate the Americans with Disabilities Act (ADA) by discriminating against people with behavioral health disabilities when providing emergency response services." Defendant lacks sufficient knowledge or information of (i) "the United States received a complaint," (ii) the "investigation," (iii) what is meant by "notified the City of its conclusion," (iv) the "individuals," and (v) whether "[t]he individuals are qualified persons with disabilities under the ADA. 42 U.S.C. § 12131(2)" to form a belief as to the truth of the remaining allegations, and accordingly denies the remaining allegations.

33.     In response to Paragraph 33 of the Complaint, Defendant states that the allegations make legal assertions or state legal conclusions to which no response is required.

34.     In response to Paragraph 34 of the Complaint, Defendant lacks sufficient knowledge or information of the "United States' investigation," including what the "investigation...found," and the extent to which the "investigation" is "detailed in the

Report," to form a belief as to the truth of the allegations, and accordingly denies the allegations.

35. Defendant denies the allegations of Paragraph 35 of the Complaint.

36. In response to Paragraph 36 of the Complaint, Defendant lacks sufficient knowledge or information about what is meant by "reasonable modifications required by the ADA to avoid discrimination" to form a belief as to the truth of the allegations and accordingly denies the allegations. To the extent it is alleged or implied that policy and procedure improvements have not already been made or have not previously been made over time as a result of new and better understandings of effective responses to people with behavioral health disabilities, or that such modifications are required by law, Defendant denies the allegations.

37. In response to Paragraph 37 of the Complaint, Defendant lacks sufficient knowledge or information of the "United States' investigation," including what the "investigation...described," and the extent to which the "investigation" is "detailed in the Report," to form a belief as to the truth of the allegations, and accordingly denies the allegations.

38. Defendant denies the allegations of Paragraph 38 of the Complaint and the predicate assumption of unlawful conduct and deficiencies.

39. In response to Paragraph 39 of the Complaint, Defendant hereby restates and incorporates its responses to the allegations in paragraphs 1-38 in the Complaint as though fully set forth herein.

40. Defendant states that the allegations in Paragraphs 40 make legal assertions to which no response is required.

41. Defendant states that the allegations in Paragraphs 41 make legal assertions to which no response is required.

42. Defendant states that the allegations in Paragraphs 42 make legal assertions to which no response is required.

43. In response to Paragraph 43 of the Complaint, Defendant states that the allegations in the first sentence make legal assertions to which no response is required. Defendant admits the allegations in the second sentence.

44. In response to Paragraph 44 of the Complaint, Defendant states that the allegations in the first sentence make legal assertions to which no response is required. With respect to the allegations in the second sentence, Defendant lacks sufficient knowledge as to the particular "federal financial assistance" referenced—including the time period it was purportedly provided, what kind of "federal financial assistance" is referenced, and whether that "federal financial assistance" was "subject to Title VI requirements"—and accordingly denies the allegations.

45. In response to Paragraph 45 of the Complaint, Defendant states that the allegations in the first sentence make legal assertions to which no response is required. With respect to the allegations in the second sentence, Defendant admits that prior to the filing of this Complaint, it has received funds from the United States Department of Justice Office of Justice Programs and the United States Department of Justice Office for Community Oriented Policing Services. Defendant lacks sufficient knowledge or

information about whether these funds are "subject to the Safe Streets Act requirements," and accordingly denies the remainder of the allegations.

46. Defendant denies the allegations of Paragraph 46 of the Complaint.

47. Defendant denies the allegations of Paragraph 47 of the Complaint and the predicate assumption of unlawful conduct.

48. In response to Paragraph 48 of the Complaint, Defendant hereby restates and incorporates its responses to the allegations in paragraphs 1-38 in the Complaint as though fully set forth herein.

49. In response to Paragraph 49 of the Complaint, Defendant states that the allegations make legal assertions to which no response is required.

50. In response to Paragraph 50 of the Complaint, Defendant admits it has received funds from the United States Department of Justice Office of Justice Programs. Defendant lacks sufficient knowledge or information about whether these funds are "subject to the Safe Streets Act," and accordingly denies the remainder of the allegations.

51. Defendant denies the allegations in Paragraph 51 of the Complaint.

52. In response to Paragraph 52 of the Complaint, Defendant lacks sufficient knowledge or information as to whether "[t]he United States has determined that all administrative prerequisites to this lawsuit have been satisfied" to form a belief as to the truth of the allegations and accordingly denies the allegations. Defendant otherwise denies the allegations.

53. Defendant denies the allegations in Paragraph 53 of the Complaint and the predicate assumption of unlawful conduct.

54. In response to Paragraph 54 of the Complaint, Defendant hereby restates and incorporates its responses to the allegations in paragraphs 1-38 in the Complaint as though fully set forth herein.

55. In response to Paragraph 55 of the Complaint, Defendant states that the allegations make legal assertions to which no response is required.

56. In response to Paragraph 56 of the Complaint, Defendant admits it receives federal financial assistance. Defendant lacks sufficient knowledge as to the particular "federal financial assistance" referenced—including the time period it was purportedly provided, what kind of "federal financial assistance" is referenced, and whether that "federal financial assistance" was "subject to the requirements of Title VI and its implementing regulations" to form a belief as to the truth of the remaining allegations, and accordingly denies the allegations.

57. Defendant denies the allegations in Paragraph 57 of the Complaint.

58. In response to Paragraph 58 of the Complaint, Defendant lacks sufficient knowledge or information as to whether "[t]he United States has determined that all statutory and regulatory prerequisites for this lawsuit have been satisfied" to form a belief as to the truth of the allegations and accordingly denies the allegations. Defendant otherwise denies the allegations.

59. Defendant denies the allegations in Paragraph 59 of the Complaint and the predicate assumption of unlawful conduct.

11

60. In response to Paragraph 60 of the Complaint, Defendant hereby restates and incorporates its responses to the allegations in paragraphs 1-38 in the Complaint as though fully set forth herein.

61. In response to Paragraph 61 of the Complaint, Defendant states that the allegations make legal assertions to which no response is required.

62. Defendant admits the allegations in Paragraph 62 of the Complaint.

63. Defendant denies the allegations in Paragraph 63 of the Complaint.

64. In response to Paragraph 64 of the Complaint, Defendant lacks sufficient knowledge or information about what is meant by "reasonable modifications required by the ADA and its implementing regulations to avoid discrimination" to form a belief as to the truth of the allegations and accordingly denies the allegations. To the extent it is alleged or implied that policy and procedure improvements have not already been made or have not previously been made over time as a result of new and better understandings of effective responses to people with behavioral health disabilities, or that such modifications are required by law, Defendant denies the allegations. Defendant otherwise denies the allegations.

65. In response to Paragraph 65 of the Complaint, Defendant lacks sufficient knowledge or information as to whether "[t]he United States has determined that all statutory and regulatory prerequisites to this lawsuit have been satisfied" to form a belief as to the truth of the allegations and accordingly denies the allegations. Defendant otherwise denies the allegations.

66. Defendant denies the allegations in Paragraph 66 of the Complaint.

## AFFIRMATIVE DEFENSES

1. One or more of the causes of action in the Complaint fail to state a claim for which relief can be granted.

2. At least some acts upon which the Complaint is based were privileged, were commanded or authorized by law, were based upon reasonable suspicion, probable cause, consent, or other proper legal standard, and were done in a reasonable and lawful manner under the circumstances, such that Defendant is immune from liability.

3. Defendant and its employees are entitled to qualified immunity from liability.

4. Defendant is a municipality that is immune from liability for punitive damages, and/or punitive damages are limited.

5. Defendant asserts any and all applicable immunity defenses, which are or may become applicable as proof develops.

6. Defendant denies that Plaintiff has any right to attorneys' fees in this action.

7. At least some incidents referred to by Plaintiff were contributed to, or brought about by the intentional, illegal, and/or negligent acts or the acts of others over whom Defendant exercised no right or dominion or control and for whose actions Defendant is not legally responsible.

8. Defendant alleges that the City of Minneapolis, through its policymaking officials, has no historical policy of deliberate indifference to excessive force, racial discrimination, First Amendment violations, or violations of the Americans with Disabilities Act, and that all training and policies fulfill or exceed constitutional and statutory requirements.

9. Plaintiff's claim also may be barred by affirmative defenses contemplated by the Federal Rules of Civil Procedure which are not specifically set forth above. The extent to which the Complaint's claims may be barred by one or more of said affirmative defenses cannot be determined at this time. Pending further discovery, Defendant alleges and incorporates all such affirmative defenses set forth in Fed. R. Civ. P. 8(b) or 12(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant City of Minneapolis requests the following relief:

A. Dismissal with prejudice of this action;

B. For Defendant's costs and attorneys' fees to the fullest extent allowed by law;

C. Trial by jury on all issues so triable; and

D. For such other and further relief as this Court deems appropriate.

Dated: January 17, 2025

KRISTYN ANDERSON
City Attorney
By */s/ Kristyn Anderson*

KRISTYN ANDERSON (#0267752)
City Attorney
ADAM E. SYZMANSKI (#0397704)
Assistant City Attorney
Minneapolis City Attorney's Office
350 South Fifth Street, Room 210
Minneapolis, MN 55415
(612) 673-3000
kristyn.anderson@minneapolismn.gov
adam.szymanski@minneapolismn.gov
*Attorneys for Defendant City of Minneapolis*