UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 25-cv-00048 (PAM/DLM)

UNITED STATES OF AMERICA,

                          Plaintiff,

v.

CITY OF MINNEAPOLIS,

                          Defendant.

## UNITED STATES' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXTEND TEMPORARY STAY OF PROCEEDINGS

Plaintiff the United States of America, through undersigned counsel, respectfully moves that the Court extend the current temporary stay of proceedings in this matter for an additional 30 days, until April 19, 2025, as provided herein:

1. On January 6, 2025, the United States of America initiated this Action by filing a Complaint against Defendant City of Minneapolis. The United States and the City subsequently filed a Joint Motion for Approval of Settlement (Consent Decree), along with a Memorandum of Law in support of the joint motion and proposed Consent Decree. [Docket Nos. 3-4].

2. On January 8, 2025, Communities United Against Police Brutality filed an Amicus Brief in response to the Joint Motion [Docket No. 16].

3. On January 17, 2025, the Police Officers Federation of Minneapolis filed a Motion to Intervene in this Action [Docket No. 20].

4. On January 17, 2025, the City of Minneapolis filed its Answer [Docket No. 22].

5. On February 18, 2025, the United States Moved for a Temporary Stay of Proceedings [Docket No. 23].

6. On the Court granted the United States' Motion, staying the proceedings until March 20, 2025 [Docket No. 27].

7. The United States and the City of Minneapolis's Joint Motion for Approval of Settlement (Consent Decree) remains pending with the Court. The Federation's Motion to Intervene also remains pending and briefing has not yet commenced. At this time, the Court has not scheduled a hearing date for either motion.

8. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Armstrong v. Mille Lacs Cty. Sheriff's Dept.*, 112 F. Supp. 2d 840, 843 (D. Minn. 2000) ("As a Federal District Court, we have the inherent power to stay the proceedings of an action, so as to control our docket, to conserve judicial resources, and to provide for the just determination of the cases which pend before us.") (citations omitted). "The party seeking a stay 'bears the burden of showing that the circumstances justify an exercise of [the district court's] discretion.'" *Unity Healthcare, Inc. v. Cty. of Hennepin*, No. 14-cv-114 (JNE/JJK) 2015 WL 12977021, at *2 (D. Minn. Sept. 16, 2015) (quoting *Nken v. Holder,*

556 U.S. 418, 434 (2009)), *report and recommendation adopted*, 2015 WL 12978156 (D. Minn. Nov. 4, 2015).

9.  "In determining whether to grant a stay, the Court can consider '(1) whether the stay applicant has made a showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Morgan Stanley Smith Barney LLC v. Johnson*, No. 17-cv-1101 (PAM/TNL), 2018 WL 5314945, at *1 (D. Minn. Oct. 26, 2018) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "These factors are not rigid, and the court should make individualized judgments in each case." *Unity Healthcare, Inc.*, 2015 WL 12977021, at *2 (citing *Hilton*, 481 U.S. at 777) (quotation marks omitted).

10. Extending this stay, while two motions are pending and have yet to be scheduled for a hearing, would not substantially injure the other party, prospective intervenor, or amicus who are interested in these proceedings. The public interest weighs in favor of the United States' receiving an extension of the stay so that leadership within the Department of Justice can more fully understand the current context surrounding this matter. Counsel for the United States conferred with counsel for defendant City of Minneapolis, who stated the City does not agree to another 30-day stay of the proceedings and will oppose the motion. Counsel for the United States also conferred with counsel for the prospective intervenor the Police Officers Federation of Minneapolis, who agrees with this request.

11. This is the United States' second request for a stay in this matter and is limited to 30 days.

Respectfully submitted,

DATED: March 19, 2025

| | |
|---|---|
| MAC WARNER<br>Deputy Assistant Attorney General<br>Civil Rights Division<br><br>REGAN RUSH<br>Chief<br>Special Litigation Section<br><br>*/s/ Cynthia Coe*<br>BY: CYNTHIA COE (DC Bar #43879)<br>Deputy Chief<br>Special Litigation Section<br>Civil Rights Division<br>950 Pennsylvania Avenue, NW<br>Washington, D.C. 20530<br>(202) 598-9247<br>cynthia.coe@usdoj.gov | ANA H. VOSS<br>Chief, Civil Division<br>*Attorney for the United States*<br>*Acting Under Authority Conferred*<br>*by 28 U.S.C. § 515*<br><br>BAHRAM SAMIE (#0392645)<br>Deputy Civil Chief<br>KRISTEN E. RAU (#0397907)<br>Assistant U.S. Attorney<br>United States Attorney's Office<br>District of Minnesota<br>600 U.S. Courthouse<br>300 S. Fourth St.<br>Minneapolis, MN 55415<br>(612) 664-5630<br>bahram.samie@usdoj.gov<br><br>*Attorneys for Plaintiff*<br>*United States of America* |

4