UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 25-CV-48 PAM/DLM |
| Plaintiff, | |
| v. | **DEFENDANT CITY OF MINNEAPOLIS'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STAY** |
| CITY OF MINNEAPOLIS, | |
| Defendant. | |

**INTRODUCTION**

On January 6, 2025, the United States commenced this lawsuit and simultaneously filed, jointly with Defendant, a proposed Consent Decree to resolve it. Then, more than a month later, it asked for a stay to bring "new leadership…up to speed." Now, after a full month has come and gone, Plaintiff seeks yet another 30-day stay for the same purpose—"so that leadership within the Department of Justice can more fully understand the current context surrounding this matter." ECF No. 41, at ¶3. Plaintiff's litigation team, as evidenced by the signature block on its current motion, still includes several attorneys who are very familiar with this matter, having participated in the United States' investigation, the settlement negotiations that resulted in the proposed Consent Decree, and the drafting of the Joint Motion submitted by the parties. Certainly, these experienced attorneys can

1

get their leadership up to speed or provide their leadership with any remaining "context" necessary without an additional stay, as attorneys routinely do in cases.

As the movant, the United States bears the heavy burden of proving entitlement to a *second* stay of this action and has failed to satisfy that burden. There is not a sufficient basis to stay these proceedings *again*. Defendant requests that the Court deny the United States' motion and further requests that the Court "proceed" with this action, as the Court indicated would occur at the conclusion of the first stay granted in these proceedings. ECF No. 27.

## STATEMENT OF THE FACTS

On April 21, 2021, the United States publicly announced it was opening a civil pattern-or-practice investigation into the City of Minneapolis ("City") and the Minneapolis Police Department ("MPD"). ECF No. 4, at 2. Following an investigation, during which time the United States solicited input from both the Minneapolis community and MPD officers, the United States issued a report on June 16, 2023. *Id*. at 2, 6. The parties entered into a joint statement of principles, agreeing that they would work to resolve the United States' claims; further, "the United States solicited additional community input and facilitated listening sessions to learn directly from members of Minneapolis' various communities" to inform its negotiating position. *Id*. at 6. As agreed in the joint statement of principles, the parties negotiated at arms-length over approximately five months and agreed to the proposed Consent Decree. *Id*.

2

On January 6, 2025, the United States initiated this action by filing a Complaint. ECF No. 1. Simultaneously, the parties filed a Joint Motion seeking this Court's approval of the proposed Consent Decree and jointly represented to this Court that it was "in the public interest to fully and finally resolve this matter on mutually agreeable terms." ECF Nos. 2; 2-1; 3; 4, at 2.

On January 10, 2025, the parties held an "informal status conference" with the Court, wherein "the Court advised the parties that it would read and review the proposed consent decree over the next sixty days, **and then would proceed**." ECF No. 27 (emphasis added). The City then filed its Answer to the Complaint on January 17, 2025. ECF No. 22.

On February 18, 2025, the United States filed a motion to stay the case for 30 days. ECF No. 25, at 3. In it, the United States represented to this Court that its new Attorney General had been confirmed two weeks prior and that the sole basis for its request was a "temporary pause" to bring its new leadership "up to speed" in order that its Attorney General could become "**more** familiar with this matter." *Id.* (emphasis added). The Court unilaterally granted that stay "because the proposed stay extend[ed] the Court's sixty-day timeline by merely nine days[,]" from March 11, 2025, to March 20, 2025. ECF No. 27.

Now—30 days later, and six weeks since the Attorney General's confirmation—the United States reveals that its request for a "brief" and "temporary" pause to aid its leadership in becoming "more" familiar with this action was not so "brief" and "temporary" after all, and that it seeks to delay the litigation it initiated for yet *another* 30 days so that

3

its leadership could "more fully understand" the "context" of the matter. ECF No. 41.

Defendant emphatically opposes a *second* stay and respectfully requests this Court to

proceed.

## ARGUMENT

The United States has not provided a legitimate basis to stay these proceedings.

Given the United States' years-long investigation, the parties' arms'-length negotiations,

the parties' joint position on the Consent Decree, and a full 30 days to allow its leadership

to become "more" familiar with the case, there is no justification for further delaying the

resolution *that both parties jointly reached*.

A stay is "not a matter of right[.]" *Morgan Stanley Smith Barney LLC v. Johnson*,

No. CV 17-1101, 2018 WL 5314945, at *1 (D. Minn. Oct. 26, 2018) (Magnuson, J.)

(*quoting Nken v. Holder*, 556 U.S. 418, 433-434 (2009)). The moving party bears the

"heavy burden" of establishing that a stay should be granted in light of four factors:

> "(1) whether the stay applicant has made a strong showing that he is likely to
> succeed on the merits; (2) whether the applicant will be irreparably injured absent a
> stay; (3) whether issuance of the stay will substantially injure the other parties
> interested in the proceeding; and (4) where the public interest lies."

*Id.* A court must consider the relative strength of the factors and balance each of the factors;

when weighing them, "'[t]he first two factors are the most critical.'" *Jensen v. Minnesota*

*Dep't of Hum. Servs.*, No. CV 09-1775, 2020 WL 1130671, at *2 (D. Minn. Mar. 9, 2020)

(*quoting Nken*, 556 U.S. at 433-434). Because the burden of satisfying this standard is so

high, stay requests are "commonly" denied. *Id*. (quotation and citation omitted).

Given the parties' resolution of this matter via the proposed Consent Decree, the United States cannot satisfy factor (1), and indeed, it has made absolutely zero effort to do so in its moving papers. ECF No. 41. The parties jointly sought entry of the Consent Decree, in part, "to avoid the risks, expense, and burdens of litigation." ECF Nos. 2-1, at ¶5. In fact, the United States has already "stipulate[d]" that the proposed Consent Decree is "in resolution of the United States' Complaint against the City." ECF No. 4, at 2. Moreover, the United States jointly moved and agreed that "the [proposed Consent] Decree is the most effective and efficient means of resolving the United States' claims." ECF No. 4, at 5. Thus, the required burden the United States must carry to show it is "likely to succeed on the merits" fails on its face. The United States' burden: (1) cannot be met, because a resolution has already been stipulated to as a full and final resolution of the claims via the Consent Decree, thereby obviating any litigation of the merits; and (2) has not been met, because the United States provides no explanation in its motion as to this factor. Accordingly, this critical factor has not been met, cannot be met, and heavily favors denying the request for a *second* stay.

Concerning factor (2), the United States has not shown that it will be irreparably harmed absent a *second* stay. To establish this factor, "the party seeking a stay '**must show** that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief.'" *Jensen*, 2020 WL 1130671, at *3 (*quoting Iowa Utils. Bd. v. F.C.C.*, 109 F.3d 418, 425 (8th Cir. 1996)) (emphasis added). Indeed, the United States

argues only that it seeks to have its "leadership…more fully understand the current context surrounding this matter." ECF No. 41. Its leadership has already had **six** weeks to become "more" familiar with this action, and even so, allowing its leadership to become "more" familiar is not a harm that is "certain and great and of such imminence that there is a clear and present need for relief." To the extent it even constitutes a harm at all, nothing is stopping its leadership from simply becoming "more" familiar with this matter right now— without a *second* stay stacked on top of the 30 days it has already been given. Many of the attorneys submitting the motion are the very same attorneys who participated in the United States' years-long investigation, the parties' negotiations of the proposed Consent Decree, and who signed the parties' Joint Motion. There is nothing preventing these skilled attorneys—who are intimately familiar with this case and have well-represented their client in this matter for years—from providing any *remaining* necessary education to their leadership *without* having to pause the entire action for another 30 days. Notably, the United States does not provide an explanation of what a *second* stay would even alleviate or accomplish under the circumstances. Indeed, it articulates no actual harm whatsoever of proceeding, much less the certain, great, and imminent harm necessary to satisfy its burden. Accordingly, this critical factor has not been established and, thus, heavily favors denying the United States' request for a *second* stay.

As to factor (3), a second stay would substantially injure the only other party in this action—the City. Over the course of four years, the United States has made the existence

of its investigation into the City and MPD known widely to the public and via a published

Report, cultivated the public's expectation of a Consent Decree, commenced this action,

and joined with the City to resolve its asserted claims.  ECF Nos. 1, at ¶17; 2-1, at ¶2; 4, at

2, 6.  The City is entitled to prompt and final resolution of the claims against it, and the

proposed Consent Decree constitutes the full and final resolution to a public process that

has taken years already to accomplish.  *See* Fed. R. Civ. P. 1.  This continued delay

necessarily harms the City's interest in such a resolution.  Accordingly, this factor favors

denying the request for a *second* stay.

Finally, concerning factor (4), the public interest lies in denying the stay and lies in

the swift resolution of legal disputes. *Morgan Stanley Smith Barney LLC*, 2018 WL

5314945, at *2 (Magnuson, J.).  Moreover, the parties have expressly agreed and

represented to this Court "that it is in the public interest to fully and finally resolve this

matter on mutually agreeable terms." ECF Nos. 2; 2-1; 3; 4, at 2. Indeed, the United States

"stipulate[d]" that the proposed Consent Decree is "in resolution of the United States'

Complaint against the City" and also agreed that "the [proposed Consent] Decree is the

most effective and efficient means of resolving the United States' claims."  ECF No. 4, at

2, 5. Even a proposed *amicus* from a community group, Communities United Against

Police Brutality (CUAPB), detailed community-initiated efforts of investment in a consent

decree resolving this matter. ECF No. 8, 8-1. Thus, a second stay blatantly undermines

these interests.  Accordingly, this factor favors denying the request for a *second* stay.

The United States has not remotely satisfied its heavy burden to obtain any stay, let alone a *second* stay, of these proceedings.  Accordingly, the City respectfully requests that the Court deny the motion and "proceed" with the action as the Court indicated in its Order granting the United States' first stay request.  ECF No. 27.


Dated:  March 19, 2025

KRISTYN ANDERSON
City Attorney
By */s/ Kristyn Anderson*

KRISTYN ANDERSON (#0267752)
City Attorney
ADAM E. SYZMANSKI (#0397704)
Assistant City Attorney
SAMANTHA J. PALLINI (#0504227)
Assistant City Attorney
*Attorneys for Defendant City of Minneapolis*

Minneapolis City Attorney's Office
350 South Fifth Street
Minneapolis, MN 55415
(612) 673-3000
kristyn.anderson@minneapolismn.gov
adam.szymanski@minneapolismn.gov
samantha.pallini@minneapolismn.gov

8