UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Civ. No. 25-48 (PAM/DLM) |
| Plaintiff, | |
| v. | **ORDER** |
| City of Minneapolis, | |
| Defendant. | |

This matter is before the Court on the United States of America's Motion to Dismiss under Fed. R. Civ. P. 41(a)(2). (Docket No. 59.)

Accordingly, **IT IS HEREBY ORDERED that:**

1. The United States's Motion to Dismiss (Docket No. 59) is **GRANTED** and this matter is **DISMISSED with prejudice**;[1]

2. The parties' joint Motion for Approval of Settlement (Docket No. 2) is **DENIED as moot**; and

3. The Police Officers Federation of Minneapolis's Motion to Intervene (Docket No. 20) is **DENIED as moot.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 27, 2025

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge

---

[1] The Court seriously questions whether this lawsuit presented any case or controversy to resolve because the United States and the City were not adverse. See United States v. Johnson, 319 U.S. 302, 304 (1943). When "both litigants desire precisely the same result . . . . There is, therefore, no case or controversy within the meaning of Art. III of the Constitution." Moore v. Charlotte-Mecklenburg Bd. of Ed., 402 U.S. 47, 48 (1971). Thus, the Court doubts whether the parties have standing.

Beyond whether this matter comports with Article III, the Court has grave misgivings about the proposed consent decree serving the public interest. To begin, the proposed consent decree is structured so that the legislature and City executives can blame the Court for any Minneapolis Police Department ("MPD") shortcoming or failure in the City's response to crime, avoiding accountability and responsibility for the City's problems.

Another concern regarding the proposed consent decree's design is the omission of critical information, despite repeatedly emphasizing the need for transparency to increase citizens' trust in the MPD. It states that the United States has "reasonable cause to believe that the City and MPD engage in a pattern or practice of conduct that deprives people of rights protected by the United States Constitution and federal law." (Consent Decree (Docket No. 2-1) ¶ 2.) Yet, the DOJ's investigation report and the proposed consent decree do not include data reflecting the number or frequency of the City or MPD's alleged violations of the law. Without that information, no court could evaluate whether the proposed consent decree sufficiently addresses the Complaint's allegations.

Further, the proposed consent decree is superfluous because in July 2023, the City and MPD entered into a similar agreement with the Minnesota Department of Human Rights. Indeed, as the parties concede, the state agreement includes many plans discussed in the proposed consent decree and the City is already implementing others on its own initiative.

Finally, in the Court's view, the considerable sum of taxpayer money allocated for the proposed consent decree's oversight and execution, including paying the monitor $750,000 per year, would better fund hiring police officers to bolster the City's dwindling police force and promote public safety.